# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK SLADE** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 12-0570** |
| **SHERIFF MARLIN GUSMAN** | **SECTION "G" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I. Factual Background

The plaintiff, Derrick Slade ("Slade"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman alleging that he is housed in the Orleans Parish Prison system ("OPP") in unconstitutional conditions.

Slade alleges that while incarcerated in OPP, he has not been provided an adequate rehabilitation program. He claims that he would like to help himself and better his own life, but that he is unable to do so because there is neither a school nor work for him at OPP. He further alleges that OPP does not serve him three (3) hot meals a day. He additionally contends that the food is not satisfactory. Slade also alleges that the toilet does not work properly and that the plumbing needs

to be fixed. He also contends that he is not provided adequate recreation time. He alleges that he is only allowed to go outside once a week.

As relief, Slade requests to be transferred to another Louisiana Department of Corrections ("DOC") facility with a better environment and a place where he can better his life.

## II.  Standards of a Frivolousness Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.	Analysis**

    **A.	Claims Against Sheriff Gusman**

Slade has named Sheriff Gusman as the defendant in his role as supervisory official over OPP. Slade claims that he complained about conditions in OPP through the grievance process, and did not receive relief. He has not, however, alleged that Sheriff Gusman was made personally aware of the conditions of which he complains at OPP.

As a supervisory official over the jail, Sheriff Gusman would not be vicariously liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the jail allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). He would only be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). Slade does not allege that Sheriff Gusman was the individual involved in providing him with rehabilitation treatment, proper food and clean facilities. He further does not indicate that he in any way notified the Sheriff personally about these complaints.

Slade has not demonstrated a personal connection that would render Sheriff Gusman liable under § 1983. Thus, his claims against Sheriff Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

    **B.	General Conditions of Confinement**

Even if Slade could point to a liable party, his claims do not amount to constitutional

violations. "Prison conditions constitute cruel and unusual punishment if they involve the 'wanton and unnecessary infliction of pain [or if they are] grossly disproportionate to the severity of the crime warranting imprisonment.'" *Hamilton v. Lyons*, 74 F.3d 99, 103-04 (5th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Hutto v. Finney*, 437 U.S. 678, 687 (1978)). Like other Eighth Amendment claims, a conditions of confinement claim must satisfy tests for both objective and subjective components. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *accord Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *Downey v. Denton County*, 119 F.3d 381, 385-86 (5th Cir. 1997). To succeed on a claim of unconstitutional conditions of confinement, this Court "must ask if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a Constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303). If the Court finds that either the subjective or objective component of the test is not met, it need not address the other component. *Davis*, 157 F.3d at 1006.

With respect to the objective component, the Supreme Court in *Wilson* noted that routine discomfort is part of the penalty that convicted prisoners pay for having committed crimes. Therefore, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 347). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9.

With respect to the subjective component of the test, the Supreme Court has applied a deliberate indifference standard. *Wilson*, 501 U.S. at 303. "Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and

4

disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

> To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.

*Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of a substantial risk." *Id*. (citing *Farmer*, 511 U.S. at 842 n.8).

> The Supreme Court has recently reaffirmed that "deliberate indifference" is a <u>stringent</u> standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. . . . The "deliberate indifference" standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]."

*Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (citing *Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997)) (citations omitted) (emphasis added).

### 1. **Unsatisfactory Meals**

Slade alleges that the OPP does not serve three (3) hot meals a day and the food that is served is not adequate. However, "[t]here is no constitutional right to receive hot meals" *Urias v. Ground*, No. 5:11-cv-142, 2011 U.S. Dist. LEXIS 144603, at *11 (E.D. Tex. October 17, 2011). Instead, the Constitution requires that inmates receive "reasonably adequate food." *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988); *Newman v. State of Alabama*, 559 F.2d 283, 286 (5th Cir. 1977). Slade's claims of unsatisfactory meals does not show that OPP personnel deprived him of his constitutional right to reasonably adequate food. Therefore, his claim is frivolous.

### 2. **Inadequate toilet and plumbing**

Slade next claims that the toilet does not work and that the plumbing needs to be fixed. While conditions in prison may be annoying, they are simply not unconstitutional. "The Constitution does not protect inmates from 'life's occasional inconveniences,' such as plumbing." *Clark v. Gusman*, No 11-2673, 2012 U.S. Dist. LEXIS 69844, at *14 (E.D. La. March 29, 2012) (citing *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982). Furthermore, Slade neither specifies the length of time the toilet has not been working nor does he specify exactly what is wrong with the plumbing. Thus, his claim is frivolous.

### 3. **Insufficient Recreation Opportunities**

Slade further claims that he is not provided adequate recreation time. Specifically, he alleges that being allowed to go outside once a week is not sufficient. However, prisoners do not have an absolute constitutional right to outdoor recreation, "so long has some form of exercise is permitted, or, the conditions of confinement, when viewed as a whole, are not violative of the Eighth Amendment. *See Wingo v. Johnson*, No. 3:12-cv-0014, 2012 U.S. Dist. LEXIS 56030, at *14-15 (W.D. La. March 20, 2012); *see also Scott v. Gusman*, No 10-2706, 2011 U.S. Dist. LEXIS 14173, (E.D. La. February 14, 2011) (where prisoner was given forty-five minutes of recreation time per week, court found that it was "not an atypical, significant deprivation . . . and [did] not rise to the level of a constitutional violation.")

However, confinement for long periods of time without the opportunity for regular physical exercise may, depending on the facts of each case constitute cruel and unusual punishment. *Ruiz v. Estelle*, 679 F.2d 1115, 1151-52 (5th Cir. 1982). Thus, to succeed on a claim under § 1983 for lack of exercise, a prisoner must set forth facts sufficient to "support the existence of any health

hazard under the specific circumstances involved." *Id.* at 1152; *accord Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001).

Slade does not allege any constitutional violation arising from his recreational opportunities at OPP. He does not allege that he was deprived of recreation for any significant time period, or that he suffered any physical injury or violation of his constitutional rights as a result of the alleged limitations on exercise at OPP. Thus, Slade's claim is frivolous.

### C. Rehabilitation Program and Transfer Request

Slade primarily contends that he should be transferred from OPP to a DOC facility because he would like to participate in a rehabilitation program, which is not available at OPP.

Inmates do not have a constitutional right to serve a sentence in any particular institution. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (inmate does not have a constitutionally protected interest in a specific facility or work assignment) Furthermore, a prisoner does not "have any constitutional interest in education or rehabilitation programs provided by the prison." *Adams v. Epps*, 334 Fed. Appx. 688, 689 (5th Cir. 2009) (citing *Esparaxa v. Deputy*, 20 F.3d 469 (5th Cir. 1994).

It is also well settled that the Due Process Clause does not, by itself, give a prisoner a protected liberty interest in the location of his confinement even if the environment of one prison may be "much more disagreeable" to the prisoner than in another. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Further, a prisoner has no liberty interest in being housed in any particular facility where the state statute vests discretion to the state officials to carry out their official function. *See Olim*, 461 U.S. at 244-45; *Tighe*, 100 F.3d at 42; *see also Yates v. Stalder*, 217 F.3d 332 (5th Cir. 2000).

Louisiana Revised Statute § 15:566(B) sets forth the exceptions under which prisoners convicted of state criminal offenses are to be sent to DOC facilities from parish jails.[1] In addition, La. Rev. Stat. Ann. § 15:824, authorizes the Director of Corrections to decide which penal institution an inmate should be delivered or transferred.[2] The Director of Corrections has broad discretion

---

[1] La. Rev. Stat. Ann. § 15:566(B) provides:

B. The sheriff or his duly qualified deputy, within thirty days of the date upon which sentence to imprisonment at hard labor has been imposed, shall deliver the prisoner to the state correctional institution designated by the Department of Corrections, unless:
(1) The governor shall have reprieved said prisoner; or
(2) The prisoner is retained in the parish pursuant to R.S. § 15:824(B) or R.S. § 15:832; or
(3) The prisoner has been admitted to post-conviction bail; or
(4) The prisoner has obtained an order of appeal and the secretary of the Department of Corrections agrees to take custody of the prisoner. In other cases in which an order of appeal is obtained, the sheriff shall deliver the prisoner to the department within fifteen days of the date upon which the highest court of the state to which the prisoner may appeal as of right has affirmed the conviction and sentence. If the prisoner has filed a timely application for rehearing, the sheriff shall deliver the prisoner within fifteen days of the date upon which the rehearing is denied. Application for writs of certiorari or review to the state supreme court shall not prevent transfer under the provisions of this Subparagraph; or
(5) The court, for good cause, stays for a specified period a transfer to the Department of Corrections pursuant to Paragraph (4) above.

[2] La. Rev. Stat. Ann. §15:824(A) and (B) provides in pertinent part:

A. Notwithstanding any provision of law to the contrary, any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department; however, no juvenile may be transferred to a penal or correctional facility for persons committed by a court having criminal jurisdiction except in accordance with the provisions of R.S. § 15:1062.
B. (1)(a) In the event any individual has been committed to the department for confinement which is or has been delayed or prevented after final sentence by court order restricting the department from institutionalizing the individual, or when the individual is not institutionalized in a state penal or corrections institution because of lack of facilities under the control of the department, or the department otherwise refused to accept the individual for confinement, which resulted or has resulted in the individual being confined in a parish jail or institution after final sentence, or when he is being held in the parish jail without bail, pending an appeal, the department shall pay to each parish sheriff, or to the governing authority of those parishes in which the governing authority operates the parish jail, for keeping and feeding the individual in the parish jail the sum of twenty-one dollars per day from date of sentencing until the individual is confined in a penal or correctional institution under the supervision of the department. . . .

regarding the placement and transfer of state prisoners. *See Santos v. La. Dept. of Corr. Secretary*, No. 95-4215, 1996 U.S. Dist. LEXIS 2331, at *9 (E.D. La. Feb. 28, 1996) (La. Rev. Stat. Ann. § 15:824(A), (B) does not give D.O.C. prisoners a constitutionally protected right to be housed in a particular facility); *see also* La. Rev. Stat. Ann. § 15:566(B); *State v. Sylvester*, 648 So.2d 31, 33 (La. App. 4th Cir. 1994).

The State of Louisiana, by its broad discretionary statutes, has not created a protected liberty interest in being housed in a particular prison or being transferred from a Parish prison to a DOC facility, or vice versa. *Santos*, 1996 U.S. LEXIS 2331 at *9. Additionally, there is no protected liberty interest in educational or rehabilitation programs within a prison. *Adam*, 334 Fed. Appx. at 689. The Court therefore recommends dismissal of Slades's claim seeking transfer from OPP to a DOC facility as legally frivolous and for failure to state a claim for which relief can be granted.

For the foregoing reasons, Slade fails to state a cognizable § 1983 claim. The claims must also be dismissed as frivolous and/or for failure to state a claim pursuant to § 1915, § 1915(e), § 1915A, and § 1997e.

## IV. Recommendation

It is therefore **RECOMMENDED** that Henry's § 1983 complaint against Sheriff Gusman be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 27th day of July, 2012

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.